IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) Cr. No. 08-0058 (TFH) |
| V. | ) |
| | ) |
| **EDWARD ADAMS** | ) |

**MOTION FOR CHANGE IN CONDITIONS OF RELEASE**

Defendant Edward Adams, through counsel, respectfully moves the Court to modify his condition of release from bondless detention to release into the community with whatever conditions, e.g, high intensity supervision, or alternatively, halfway house placement, the Court deems appropriate. As grounds, counsel states as follows:

I.   BACKGROUND

Mr. Adams was arraigned on April 21, 2008 on charges of possession with intent to distribute 50 grams or more of cocaine base and possession of marijuana. At the time of his presentment on February 20, the government sought pretrial detention; after a detention hearing on February 22, Magistrate Judge Kaye ordered Mr. Adams held without bond, finding that no condition or combination of conditions could reasonably ensure the safety of the community. 18 U.S.C. §§ 3142(f)(1)(C), 3142(e).

II.   Argument

The government sought detention pursuant to 18 U.S.C. §3142(f)(1)(C) (Controlled Substances Act), and Mr. Adams was detained pursuant to 18 U.S.C. §3142(e) (safety). Detention is not mandatory, however; any presumption may be rebutted, and 18 U.S.C.

§3142(g) lists and enumerates factors to be considered in fashioning conditions of release.

Clearly the charges here are serious. The issue, however is whether Mr. Adams is so dangerous that he must be held without bond.

Mr. Adams is 21 years old and has no convictions for crimes of violence. His prior convictions include attempted possession of a gun in 2005 (misdemeanor), and a no permit conviction in 2003. There was no firearm found in the car at the time of the stop; nor was a weapon found in the course of a search of the private home where he lives with his mother.[1] Although the police claim to have smelled marijuana in the car that Mr. Adams was driving, no marijuana, residue, or smoking apparatus were found in the car.

In sum, counsel submits that the Court can fashion conditions of release in this matter that do not necessitate bondless detention. Electronic monitoring, a curfew, and frequent reporting to Pretrial, we submit, will assure the safety of the community as well as appearance. Should the Court require more restrictive conditions, we would suggest halfway house placement.

For the foregoing reasons, and any others that may appear to the Court counsel and Mr. Adams ask that the Court modify the current condition and order placement in the high intensity supervision program, or, alternatively in a halfway house.

Respectfully submitted,

A.J. Kramer

Federal Public Defender

---

[1] According to the seizure list pursuant to the search of the home, ziplocs, small amounts of controlled substances, and a flak vest were seized from a bedroom in the house which contained mail matter in Mr. Adams' name.

By: _____/s/_____
Shawn Moore
Assistant Federal Public Defender
Attorney for Edward Adams
DC Bar#214171
625 Indiana Avenue, NW #550
Washington, DC 20004
202/208-7500
Fax/208-7515 or 501-3829

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) Cr. No. 08-0058 (TFH) |
| V. | ) |
| | ) |
| **EDWARD ADAMS** | ) |

**ORDER**

Defendant Adams having moved for a change in conditions of release, and good cause shown, it is hereby **ORDERED** that the motion is granted in the following particulars:

This, the _____ Day of May, 2008.

_____
THOMAS F. HOGAN
UNITED STATES DISTRICT JUDGE