## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Cr. No. 08-0058 (TFH) |
| ) | |
| EDWARD ADAMS ) | |
| ) | |

### MOTION TO SUPPRESS EVIDENCE
### AND MEMORANDUM IN SUPPORT THEREOF

Defendant Edward Adams, through counsel, respectfully moves the Court, to suppress, as evidence against him, controlled substances seized from him at the time of his seizure on February 16, 2008, statements made to the police after his arrest on or about the same date, and certain items of evidence taken from his bedroom pursuant to a search of his mother's house also on February 16, 2008.

I.   BACKGROUND

Officers of the Metropolitan Police Department state that they conducted a traffic stop of Mr. Adams in the 700 block of Fourth Street, NW, on February 16, 2008.[1] The police allege that Mr. Adams made an illegal turn from the middle laane of H Street, NW. The police further allege that upon approach the automobile that Mr. Adams was driving, they smelled the odor of burned marijuana. Mr. Adams was asked whether he had any controlled substances on him and allegedly stated that he had "weed" in his pants. He was ordered out of the car, searched and the marijuana recovered. The police then conducted a further patdown after allegedly witnessing Mr. Adams adjust his crotch area as if concealing something. Observing a bulge, and then feeling a "hard object", the

---

[1] All fact allegations are based upon discovery and information and belief as to the government's case in chief.

police searched further and recovered a quantity of cocaine base from his crotch area.[2]  Also seized from his person was a scale; recovered from the trunk of the car, which did not belong to Mr. Adams, was a bag containing a cooking pot, a coffee pot, a strainer, and a thermometer.  Additionally, Mr. Adams made a written and videotaped statement after his arrest.  A search of his bedroom at his house pursuant to a consent form signed by his mother produced other items of evidence.

    II.       THE EVIDENCE MUST BE SUPPRESSED

Mr. Adams was stopped because of a traffic violation.  There is no indication of Mr. Adams engaging in any drug trafficking or other illegal activity prior to the traffic stop.  The questioning about the marijuana and the subsequent patdowns and searches stemmed from the claim that the officers smelled burned marijuana.  However there was no marijuana found anywhere in the automobile.  There was no marijuana residue found in the car, nor any roach clips or the like that might be associated with the smoking of marijuana.[3]  In short, there was no articulable suspicion concerning criminal activity that warranted the patdowns and the search.

The determination of whether there is probable cause to arrest someone requires a "practical, commonsense" inquiry.  *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Warren*, 310 U.S. App. D.C. 1, 42 F.3d 647 (D.C. Cir. 1995).  "The touchstone of the Amendment is reasonableness."  *United States v. Douglas Proctor*, No. 05-3132, *slip op.* (D.C. Cir. June 19, 2007); *See United States v. Askew*, 482 F.3d 532, 538 D.C. Cir 2007) (Rehearing *en banc* granted, judgment vacated, July 12, 2007).  Where, as here, the seizure is based upon the supposed odor of marijuana where nothing remotely associated with marijuana is found, the seizure is flawed, and the

---

[2]The base ultimately weighed approximately 121 grams.

evidence must be suppressed.

Similarly, the seizure here cannot be justified as a *Terry* stop. *Terry v. Ohio*, 392 U.S. 1 (1968). The police seized Mr. Adams and forced him to exit his automobile without any evidence that he possessed or had used drugs. In this light, there was not probable cause for the seizure of Mr. Adams, and the tangible evidence seized from his person must be suppressed. Additionally, the statements and the evidence seized from his home must be suppressed as the products of an illegal arrest. *Wong Sun v. United States*, 371 U.S. 471 (1963).

Additionally, the search of Mr. Adams' room at is mother's home was not only without probable cause because of the illegal arrest, it was also not effected pursuant to legal consent. Mr. Adams' room at home was kept locked. It was a place where he had an expectation of privacy and which could be entered only with a warrant. Although her home, his mother had no ability to consent to a search of his locked room.

For the foregoing reasons, and any others that may appear to the Court, Mr. Adams and counsel ask that the instant motion be granted.

    Respectfully submitted,

    A. J. Kramer
    Federal Public Defender


    _____/s/_____
    Shawn Moore
    Assistant Federal Public Defender
    Attorney for Edward Adams
    Bar #214171

<200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b>

625 Indiana Avenue, NW #550
Washington, DC 20004
202/208-7500
Fax/501-3829

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) Cr. No. 08-0058 (TFH) |
| V. | ) |
| | ) |
| **EDWARD ADAMS** | ) |

### ORDER

Defendant Adams having moved to suppress evidence, and good cause shown, it is hereby

**ORDERED** that the motion is **GRANTED**.

This, the ___ Day of _____, 2008.

_____
THOMAS F. HOGAN
UNITED STATES DISTRICT JUDGE